UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

In re JAMES M. KERNAN, ESQ.                                    6:19-MC-1
                                                                (FJS)
_____

**APPEARANCES**                          **OF COUNSEL**

**OFFICE OF FRANK POLICELLI**            **FRANK POLICELLI, ESQ.**
10 Steuben Park
Utica, New York 13501
Attorneys for James M. Kernan


# MEMORANDUM-DECISION AND ORDER

The Second Circuit remanded this matter to this Court for consideration of the following two questions: (1) whether, and, if so, why the District's Local Rules of Practice require the Court to deny the application for admission of James M. Kernan without performing any individualized assessment; and (2) if an individualized assessment is required, what the performance of such an assessment would be. After carefully considering the matter, the Court answers the first question in the affirmative. Local Rule of Practice 83.4(b), as it currently stands, requires the Court to deny the application of James M. Kernan without any individualized assessment.

Regarding any impact that Local Rule 83.1(a) has on Local Rule 83.4(b), the Court finds that Local Rule 83.1(a) does not mandate a contrary result because that rule provides only that a member in good standing of certain other courts "whose professional character is good" "*may* be" permanently admitted, not that such a member "*must* be" permanently admitted. N.D.N.Y. L.R. 83.1(a) (emphasis added). Although the text of Local Rule 83.1(a) does not explicitly exclude applications from attorneys who have been disbarred under Local Rule 83.4(b) from its scope and does not state that attorneys who have a prior felony conviction are ineligible for admission or

readmission, it need not do so, in the Court's respectful opinion. Such attorneys *may* apply or reapply, and they *may* be denied admission, *regardless* of any positive individualized assessment of those attorneys' "professional character."[1] As a result, although the Court concedes that it is possible to interpret Local Rule 83.1(a) *in isolation* as permitting a district judge to grant an attorney's application for admission after performing an individualized assessment of his or her "professional character," which could include consideration of the applicant's prior felony conviction, the Court respectfully finds that it is *not* possible to *reasonably* interpret the current Local Rules of Practice *as a whole* as permitting an admitted attorney to remain admitted despite a felony conviction. Such a conviction may not be known or recalled by the judge at the time of admission; it may come to pass after that admission; or it may, while not permanently sullying the attorney's professional character in the view of the judge conducting an individual assessment, still trigger the consequences of Local Rule 83.4(b). Regarding this third circumstance, the Court notes that it construes the submission of a particular judge's individual assessment that an attorney is of a good professional character despite an admission-barring felony conviction to the will of the Board of Judges as stemming from a desire to give the other judges a say as to which attorney(s) might some day be practicing in their courts.

In response to an objection that a reading of Local Rule 83.1(a) in isolation gives no fair notice to an applicant that he or she might later be disbarred under Local Rule 83.4(b), the Court

---

[1] The Court notes that multiple reasons may exist for such a denial despite a finding that an attorney possesses "good professional character," for example, incomplete and/or untimely documentation, confirmed reports of uncharged abusiveness towards clerk's office staff, confirmed reports of repeated but unsanctioned failures to comply with a court's policies, practices and/or procedures. Of course, among the most-egregious reasons might be a final felony conviction at least tangentially related to the practice of law as is the felony conviction at issue in this case.

would only point out that, when an applicant applies for admission, he or she swears that he or she "[has] read, and [is] familiar with[,] . . . the Local Rules and General Orders for the Northern District of New York . . ." including Local Rule 83.4(b), which is set forth in clear language. *See Petition for Admission to Practice*, https://www.nynd.uscourts.gov/sites/nynd/files/forms/Petition_for_Admission_to_Practice.pdf (last visited Nov. 13, 2019). Although an applicant's memory may sometimes be excused as being imperfect, the failure to refresh one's recollection of what the Local Rules say before one files anything in the Court is one of the most pernicious problems that the Court faces.

The Court notes that it finds the apparent rationale for Local Rule 83.4(b) to be sound. Setting aside the fact that a past felony by an individual makes a future one by that individual at least somewhat more likely, a felony generally negatively affects the individual's character and fitness to practice law. Moreover, a felony even tangentially related to the practice of law, as is the felony in question in this action, is particularly egregious to a judge's effort to control his or her court's docket.[2]

On March 20, 2009, in the U.S. District Court for the Northern District of New York, Mr. Kernan pled guilty to one count of knowingly permitting a convicted felon to be involved in the business of insurance, a felony in violation of 18 U.S.C. § 1033(e)(1)(B). *See United States v. Kernan*, 5:08-CR-61, Minute Entry (N.D.N.Y. filed Mar. 20, 2009); *id.,* Dkt. No. 82, Plea Agreement (N.D.N.Y. filed Mar. 26, 2009); *id.,* Dkt. No. 84, Change-of-Plea Hearing Transcript (N.D.N.Y. filed Mar. 31, 2009). This felony, which generally regards an abuse in the business of

---

[2] Indeed, one might reasonably say that a judge would be doing a disservice to future litigants, opposing counsel and the Court itself by ignoring the increased chance that such an attorney might commit another felony.

insurance, is similar to the misconduct that Mr. Kernan arguably committed through representing Oriska in a subsequent insurance action and thus arguably engaging in the "business of insurance" as 18 U.S.C. § 1033 broadly defines that term even though he could not engage in the "business of insurance" pursuant to 18 U.S.C. § 1033(e)(2). Simply stated, it is difficult for the Court to conceive of many felonies that could more detract from Mr. Kernan's character and fitness to practice law.

Since the Court has answered the first question in the affirmative, it finds that there is no need to answer the second question. However, even if the Court were to answer the second question, it would find that (1) an individualized assessment requires (a) an assurance that the member of the bar received notice, (b) an opportunity to be heard, (c) an opportunity for some sort of appeal within the district court, and (d) a finding that the attorney should be barred without exception,[3] and (2) such an assurance occurred here.

With regard to notice, at the time that the Court applied the plain language of Local Rule 83.4(b) to Mr. Kernan on December 14, 2018, the Court was clearly aware that, two days before, Mr. Kernan had been specifically reminded of the impact of the plain language of Local Rule 83.4(b) on his bar admission. *See In re James M. Kernan, Esq.*, 6:19-MC-1, Dkt. No. 1, Order (N.D.N.Y. filed Dec. 14, 2018) (Scullin, J.) (attaching letter from Clerk of Court to Mr. Kernan).

With regard to the opportunity to be heard, immediately after Mr. Kernan was removed from

---

[3] The Court notes that these four elements, that is, notice, an opportunity to be heard, an opportunity for an appeal within the district court, and a finding that the attorney should be barred without exception, are contained in the relevant local rules of the Southern District of New York, Eastern District of New York, Western District of New York and District of Connecticut. S.D.N.Y./E.D.N.Y. Local Rule 1.5; W.D.N.Y. L.R. 83.3; D. Conn. Local Rule 83.2.

the bar roll based on the nature of his crime and the circumstances, he was given an opportunity to be heard on the issue, although he later decided not to avail himself of that opportunity. *See* N.D.N.Y. L.R. 7.1(g) (giving parties 14 days to file a motion for reconsideration); *compare In re James M. Kernan*, 6:19-MC-1, Dkt. No. 5, Motion for Reconsideration (N.D.N.Y. filed Feb. 12, 2019) *with id.,* Dkt. No. 8, Letter-Motion to Withdraw Motion for Reconsideration (N.D.N.Y. filed Apr. 29, 2019).

With regard to the right to appeal within the district court, Mr. Kernan effectively appealed the Court's Order to Chief United States District Judge Glenn T. Suddaby, requesting an exception to the impact of Local Rule 83.4(b). *See In the Matter of the Petition of James M. Kernan*, 6:19-CV-38, Petition for a Writ (N.D.N.Y. filed Jan. 9, 2019) (seeking to be readmitted to the bar of the Court, albeit for limited cases); *id.*, Dkt. No. 6, Memorandum of Law, at 7 (N.D.N.Y. filed Feb. 25, 2019) (citing Local Rule 83.4[b]). Chief Judge Suddaby denied that de facto appeal. *See In the Matter of the Petition of James M. Kernan*, 6:19-CV-38, Dkt. No. 11, Decision and Order (N.D.N.Y. filed Apr. 24, 2019) (Suddaby, C.J.). Moreover, it is worth noting that, before Chief Judge Suddaby issued his Decision and Order, and indeed before this Court's Order, as has been the practice in the District concerning sensitive matters of attorney admission, Chief Judge Suddaby brought the matter to the Board of Judges for discussion and decision on the admissibility of Mr. Kernan to the bar of the Court.

Although this thorough procedure was not expressly set forth in the Local Rules, which the District is in the process of remedying, the procedure was implemented.

Finally, Mr. Kernan is respectfully advised that the District's Local Rules Committee is currently drafting an amendment to Local Rules 83.1 and 83.4 so as to, among other things, permit a

member of the bar, or past or future member of the bar, to apply to the Board of Judges for an exception to Local Rule 83.4(b) in the interest of justice. Should the Board of Judges adopt that amendment, Mr. Kernan will be free to apply for such an exception.

Accordingly, for all of the above-stated reasons, the Court hereby

**ORDERS** that the Court's previous Order granting Mr. Kernan's application for admission remains **VACATED**.

**IT IS SO ORDERED.**

Dated: December 4, 2019
       Syracuse, New York

                                        Frederick J. Scullin, Jr.
                                        Senior United States District Judge